IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL COCKERHAM, : | |
| Plaintiff : | |
| v. : | Case No. 3:23-cv-219-KRG-KAP |
| PAUL DEFFENBAUGH, ERIC/RICK : | |
| PRICE, *et al.*, : | |
| Defendants : | |

Memorandum Order

Plaintiff's motion to review evidence, ECF no. 11, is denied. It is a two-page motion with 38 pages of unsorted paperwork attached as an exhibit. It is improper to file papers, not explain them in the motion, and expect to court to guess what the papers mean, but the motion itself seeks intervention in and dismissal of one or more pending criminal cases. (As an aside, plaintiff's complaint similarly consists of about 80 pages of various documents without an explanatory statement that satisfies Fed.R.Civ.P. 8. To add to the mélange, plaintiff has submitted what have been docketed as three addendums to the complaint that are not part of the complaint forwarded for service on the defendants.)

Plaintiff's current civil case is not the proper vehicle to seek the relief that plaintiff's motion requests: plaintiff would have to seek that in a petition for a writ of habeas corpus after exhausting his remedies in state court. To avoid interference in state and local criminal prosecutions the Supreme Court has forbidden, not just advised against, lower federal court intervention in pending state court criminal prosecutions "except under special circumstances." Younger v. Harris, 401 U.S. 37, 41 (1971), *modified by* Sprint Communications, Inc. v. Jacobs, 571 U.S. 69 (2013), *as noted by* Harmon v. Department of Finance, 811 Fed.Appx. 156, 157 (3d Cir. 2020). The duty of abstention is an issue to be raised *sua sponte*. O'Neill v. City of Philadelphia, 32 F.3d 785, 786 n.1 (3d Cir. 1994).

There are no special circumstances here. Plaintiff is entitled to be represented by counsel in almost all state court criminal proceedings, so he should be contacting the Public Defender's office. The propriety of arrests and the admissibility of evidence in state criminal prosecutions are ordinarily matters to be resolved by state tribunals. Perez v. Ledesma, 401 U.S. 82 (1971). Since it is also ordinarily the case that a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights, *see* Kugler v. Helfant, 421 U.S. 117, 124 (1975), special circumstances after Younger v. Harris are limited by precedent to those rare cases where the movant **shows**, not just claims, that the statute on which criminal charges are based is flagrantly unconstitutional, or that the prosecution is motivated by the prosecutor's desire to harass the defendant without a reasonable expectation of obtaining a valid conviction, and **shows**, not just claims, that the state court is incapable of adjudicating

1

the issues. *See* <u>Jaffery v. Atlantic County Prosecutor's Office</u>, 695 Fed.Appx. 38, 40-41 (3d Cir.2017).

DATE:  January 23, 2024

Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to:

Michael Cockerham
210 Hazel Street
Parkhill, PA 15945