Case number

3:32-cv-00219-WSH-KAP

23

DOCKET #

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MOTION FOR JUDGMENT VIOLATIONS OF FEDERAL RULES OF
CIVIL PROCEDURE RULE 5.1, RULE 26, RULE 34, RULE 37. Additionally
due to admission in Honorable Judge Fordham's Court November 1st 2024
RULE 36 AND RULE 44 NEED BE ENTERED INTO OFFICIAL RECORD,
Plaintiff BEGS RELIEF.

Michael Cockerham

Plaintiff,

v.

**FILED**

**JUL 3 0 2025**

CLERK, U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

(1) Magistrate MARY ANN ZANGHI, (2) OFFICER Paul deffenbaugh, (3)
DEFUNCT SUPERVISOR Rickey price,  (4) Code enforcement David Church,
(5&6) Eastmont auto repair & towing; father (1) DENNY, DENNY (2) son;
CIVIL RIGHTS violation Fourth amendment, Fourteenth Amendment,
Intimidation of Federal witness, Harassment, Subversion, stalking, Grand
Larceny, Impersonation of Police Officer, Conspiracy, Disorderly Conduct,
Vandalism, Criminal Mischief, terroristic threats, Spitting, Tow violations,

Defendants,

        Michael Cockerham comes before this court WITH A BAD BODY
CAMERA FROM OPPOSING COUNSEL.
        ACCORDING TO FEDERAL RULES OF CIVIL PROCEDURE YOUR
HONOR NEED MERELY PLUG THIS INTO A COMPUTER WITH NO WI FI
AND THERE IS ONLY AUDIO.
AUDIO AND VIDEO MUST ACCOMPANY MAKING THIS EDITED
VERSION A FRAUD AND HENCE MAKING A MOCKERY OF THIS COURT
AND YOUR HONOR.
DISCOVERY PROCESS WAS FRAUDULENTLY HANDLED AND LESS

THAN PROFESSIONAL. YOUR HONOR CAN SANCTION EACH AND
EVERY CULPRIT.

# Rule 5.1. Constitutional Challenge to a Statute

(a) NOTICE BY A PARTY. A party that files a pleading, written motion, or other paper drawing into question the constitutionality of a federal or state statute must promptly:

(1) file a notice of constitutional question stating the question and identifying the paper that raises it, if:

(A) a federal statute is questioned and the parties do not include the United States, one of its agencies, or one of its officers or employees in an official capacity; or

(B) a state statute is questioned and the parties do not include the state, one of its agencies, or one of its officers or employees in an official capacity; and

(2) serve the notice and paper on the Attorney General of the United States if a federal statute is questioned—or on the state attorney general if a state statute is questioned—either by certified or registered mail or by sending it to an electronic address designated by the attorney general for this purpose.

(b) CERTIFICATION BY THE COURT. The court must, under 28 U.S.C. §2403 , certify to the appropriate attorney general that a statute has been questioned.

(c) INTERVENTION; FINAL DECISION ON THE MERITS. Unless the court sets a later time, the attorney general may intervene within 60 days after the notice is filed or after the court certifies the challenge, whichever is earlier. Before the time to intervene expires, the court may reject the constitutional challenge, but may not enter a final judgment holding the statute unconstitutional.

(d) NO FORFEITURE. A party's failure to file and serve the notice, or the court's failure to certify, does not forfeit a constitutional claim or defense that is otherwise timely asserted.

# Rule 26. Duty to Disclose; General Provisions Governing Discovery

(a) REQUIRED DISCLOSURES.

(1) *Initial Disclosure.*

(A) *In General.* Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

**(ii) a copy**—or a description by category and location—of all documents, **electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;**

(iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

**(iv) for inspection and copying as under Rule 34** , any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

(B) *Proceedings Exempt from Initial Disclosure.* The following proceedings are exempt from initial disclosure:

(i) *an action for review on an administrative record;(ONLY ONE POSSIBLE SO FREEDOM OF INFORMATION ACT, DISCLOSE, OR FIND FOR PLAINTIFF AS FACTS AND PROOF SHOW REASON FOR JUDGMENT)*

(ii) a forfeiture action in rem arising from a federal statute;

(iii) a petition for habeas corpus or any other proceeding to challenge a criminal conviction or sentence;

(iv) an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision;

(v) an action to enforce or quash an administrative summons or subpoena;

(vi) an action by the United States to recover benefit payments;

(vii) an action by the United States to collect on a student loan guaranteed by the United States;

(viii) a proceeding ancillary to a proceeding in another court; and

(ix) an action to enforce an arbitration award.

(C) *Time for Initial Disclosures—In General.* A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan. In ruling on the objection, the court must determine what disclosures, if any, are to be made and must set the time for disclosure.

(D) *Time for Initial Disclosures—For Parties Served or Joined Later.* A party that is first served or otherwise joined after the Rule 26(f) conference must make the initial disclosures within 30 days after being served or joined, unless a different time is set by stipulation or court order.

(E) *Basis for Initial Disclosure; Unacceptable Excuses.* A party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges

the sufficiency of another party's disclosures or because another party has not made its disclosures.

(2) *Disclosure of Expert Testimony.*

(A) *In General.* In addition to the disclosures required by Rule 26(a)(1) , a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702 , 703 , or 705 . (MICHAEL COCKERHAM ONLY GIVEN BAD BODY CAMERA)

(B) *Witnesses Who Must Provide a Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii) the facts or data considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

(C) *Witnesses Who Do Not Provide a Written Report.* Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:

(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702 , 703 , or 705 ; and

(ii) a summary of the facts and opinions to which the witness is expected to testify.

*(D) Time to Disclose Expert Testimony.* A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:

(i) at least 90 days before the date set for trial or for the case to be ready for trial; or

(ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

*(E) Supplementing the Disclosure.* The parties must supplement these disclosures when required under Rule 26(e) .

*(3) Pretrial Disclosures.*

(A) *In General.* In addition to the disclosures required by Rule 26(a)(1) and (2), a party must provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment:

(i) the name and, if not previously provided, the address and telephone number of each witness—separately identifying those the party expects to present and those it may call if the need arises;

(ii) the designation of those witnesses whose testimony the party expects to present by deposition and, if not taken stenographically, a transcript of the pertinent parts of the deposition; and

**(iii) an identification of each document or other exhibit,** including summaries of other evidence—separately identifying those items the party expects to offer and those it may offer if the need arises.

(B) *Time for Pretrial Disclosures; Objections.* Unless the court orders otherwise, these disclosures must be made at least 30 days before trial. Within 14 days after they are made, unless the court sets a different time, a party may serve and promptly file a list of the following objections: any objections to the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii) ; and any objection, together with the grounds for it, that may be made to the admissibility of materials identified under Rule 26(a)(3)(A)(iii) . An

objection not so made—except for one under Federal Rule of Evidence 402 or 403 —is waived unless excused by the court for good cause.

(4) *Form of Disclosures.* Unless the court orders otherwise, all disclosures under Rule 26(a) must be in writing, signed, and served.

(b) DISCOVERY SCOPE AND LIMITS.

(1) *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

(2) *Limitations on Frequency and Extent.*

(A) *When Permitted.* By order, the court may alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions under Rule 30 . By order or local rule, the court may also limit the number of requests under Rule 36 .

*(B) Specific Limitations on Electronically Stored Information. A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C) . The court may specify conditions for the discovery.* (NONE OF THESE EXCUSES/REASONS PROVIDED MICHAEL COCKERHAM)

(C) *When Required.* On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

**(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action;** or

(iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

(3) *Trial Preparation: Materials.*

(A) *Documents and Tangible Things.* Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4) , those materials may be discovered if:

(i) they are otherwise discoverable under Rule 26(b)(1) ; and

(ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

(B) *Protection Against Disclosure.* If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

(C) *Previous Statement.* Any party or other person may, on request and without the required showing, obtain the person's own previous statement about the action or its subject matter. If the request is refused, the person may move for a court order, and Rule 37(a)(5) applies to the award of expenses. A previous statement is either:

(i) a written statement that the person has signed or otherwise adopted or approved; or

(ii) a contemporaneous stenographic, mechanical, electrical, or other recording—or a transcription of it—that recites substantially verbatim the person's oral statement.

(4) *Trial Preparation: Experts.*

(A) *Deposition of an Expert Who May Testify.* A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided.

(B) *Trial-Preparation Protection for Draft Reports or Disclosures.* Rules 26(b)(3)(A) and (B) protect drafts of any report or disclosure required under Rule 26(a)(2) , regardless of the form in which the draft is recorded.

(C) *Trial-Preparation Protection for Communications Between a Party's Attorney and Expert Witnesses.* Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B) , regardless of the form of the communications, except to the extent that the communications:

(i) relate to compensation for the expert's study or testimony;

(ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or

(iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

(D) *Expert Employed Only for Trial Preparation.* Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only:

(i) as provided in Rule 35(b) ; or

(ii) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

(E) *Payment.* Unless manifest injustice would result, the court must require that the party seeking discovery:

(i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D); and

(ii) for discovery under (D), also pay the other party a fair portion of the fees and expenses it reasonably incurred in obtaining the expert's facts and opinions.

(5) *Claiming Privilege or Protecting Trial-Preparation Materials.*

(A) *Information Withheld.* When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:

(i) expressly make the claim; and

(ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

(B) *Information Produced.* If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

(c) PROTECTIVE ORDERS.

(1) *In General.* A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(A) forbidding the disclosure or discovery;

(B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;

(C) prescribing a discovery method other than the one selected by the party seeking discovery;

(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

(E) designating the persons who may be present while the discovery is conducted;

(F) requiring that a deposition be sealed and opened only on court order;

(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

(H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

**(2) *Ordering Discovery.* If a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery. MICHAEL COCKERHAM DID THIS PROPERLY AND WAS GIVEN FAKE BODY CAMERAS! THE COURT MUST ACT!**

**(3) *Awarding Expenses. JUDGMENT FOR MICHAEL COCKERHAM***
Rule 37(a)(5) applies to the award of expenses.

(d) TIMING AND SEQUENCE OF DISCOVERY.

(1) *Timing.* A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) , except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) , or when authorized by these rules, by stipulation, or by court order.

(2) Early Rule 34 Requests.

(A) Time to Deliver. More than 21 days after the summons and complaint are served on a party, a request under Rule 34 may be delivered:

(i) to that party by any other party, and

(ii) by that party to any plaintiff or to any other party that has been served.

(B) *When Considered Served.* The request is considered to have been served at the first Rule 26(f) conference.

(3) *Sequence.* Unless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice:

(A) methods of discovery may be used in any sequence; and

(B) discovery by one party does not require any other party to delay its discovery.

(e) SUPPLEMENTING DISCLOSURES AND RESPONSES.

(1) *In General.* A party who has made a disclosure under Rule 26(a) —or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:

(A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or

(B) as ordered by the court.

(2) *Expert Witness.* For an expert whose report must be disclosed under Rule 26(a)(2)(B) , the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

(f) CONFERENCE OF THE PARTIES; PLANNING FOR DISCOVERY.

(1) *Conference Timing.* Except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b) .

(2) *Conference Content; Parties' Responsibilities.* In conferring, the parties must consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case; make or arrange for the disclosures required by Rule 26(a)(1); discuss any issues about preserving discoverable information; and develop a proposed discovery plan. The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan. The court may order the parties or attorneys to attend the conference in person.

(3) *Discovery Plan.* A discovery plan must state the parties' views and proposals on:

(A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a) , including a statement of when initial disclosures were made or will be made;

(B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

(C) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;

(D) any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502 ;

(E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

(F) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c) .

(4) *Expedited Schedule.* If necessary to comply with its expedited schedule for Rule 16(b) conferences, a court may by local rule:

(A) require the parties' conference to occur less than 21 days before the scheduling conference is held or a scheduling order is due under Rule 16(b) ; and

(B) require the written report outlining the discovery plan to be filed less than 14 days after the parties' conference, or excuse the parties from submitting a written report and permit them to report orally on their discovery plan at the Rule 16(b) conference.

(g) SIGNING DISCLOSURES AND DISCOVERY REQUESTS, RESPONSES, AND OBJECTIONS.

(1) *Signature Required; Effect of Signature.* Every disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name—or by the party personally, if unrepresented—and must state the signer's address, e-mail address, and telephone number. By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:

(A) with respect to a disclosure, it is complete and correct as of the time it is made; and

**(B) with respect to a discovery request, response, or objection, it is:**

**(i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;**

**(ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and**

**(iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action. Plaintiff rests, TOTALITY OF CIRCUMSTANCES HAS**

**BEYOND CLEAR AND CONVINCING AND PREPONDERANCE OF THE EVIDENCE!**

(2) *Failure to Sign.* Other parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention.

**(3) *Sanction for Improper Certification.* If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation. ....**

# Rule 37. Failure to Make Disclosures or to Cooperate in Discovery; Sanctions

**(a) Motion for an Order Compelling Disclosure or Discovery.**

**(1) *In General.* On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.**

**(2) *Appropriate Court.* A motion for an order to a party must be made in the court where the action is pending. A motion for an order to a nonparty must be made in the court where the discovery is or will be taken.**

**(3) *Specific Motions.***

(A) *To Compel Disclosure.* If a party fails to make a disclosure required by Rule 26(a) , any other party may move to compel disclosure and for appropriate sanctions.

(B) *To Compel a Discovery Response.* A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:

(i) a deponent fails to answer a question asked under Rule 30 or 31 ;

(ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4) ;

(iii) a party fails to answer an interrogatory submitted under Rule 33 ; or

(iv) a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34 .

(C) *Related to a Deposition.* When taking an oral deposition, the party asking a question may complete or adjourn the examination before moving for an order.

(4) *Evasive or Incomplete Disclosure, Answer, or Response.* For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.

(5) *Payment of Expenses; Protective Orders.*

(A) *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

(B) *If the Motion Is Denied.* If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

(C) *If the Motion Is Granted in Part and Denied in Part.* If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.

(b) Failure to Comply with a Court Order.

(1) *Sanctions Sought in the District Where the Deposition Is Taken.* If the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court. If a deposition-related motion is transferred to the court where the action is pending, and that court orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of either the court where the discovery is taken or the court where the action is pending.

(2) *Sanctions Sought in the District Where the Action Is Pending.*

(A) *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)— fails to obey an order to provide or permit discovery, including an order under Rule 26(f) ,

35 , or 37(a) , the court where the action is pending may issue further just orders. They may include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

(B) *For Not Producing a Person for Examination.* If a party fails to comply with an order under Rule 35(a) requiring it to produce another person for examination, the court may issue any of the orders listed in Rule 37(b)(2)(A)(i) —(vi), unless the disobedient party shows that it cannot produce the other person.

(C) *Payment of Expenses.* Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

**(c) FAILURE TO DISCLOSE, TO SUPPLEMENT AN EARLIER RESPONSE, OR TO ADMIT.**

**(1) *Failure to Disclose or Supplement.*** If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

**(A)** may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

**(B)** may inform the jury of the party's failure; and

**(C)** may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i) —(vi).

**(2) *Failure to Admit.*** If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof. The court must so order unless:

**(A)** the request was held objectionable under Rule 36(a) ;

**(B)** the admission sought was of no substantial importance;

**(C)** the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or

**(D)** there was other good reason for the failure to admit.

**(d) PARTY'S FAILURE TO ATTEND ITS OWN DEPOSITION, SERVE ANSWERS TO INTERROGATORIES, OR RESPOND TO A REQUEST FOR INSPECTION.**

**(1) *In General.***

**(A) *Motion; Grounds for Sanctions.*** The court where the action is pending may, on motion, order sanctions if:

**(i)** a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or

31(a)(4)— fails, after being served with proper notice, to appear for that person's deposition; or

(ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34 , fails to serve its answers, objections, or written response.

(B) *Certification.* A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.

(2) *Unacceptable Excuse for Failing to Act.* A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c) .

(3) *Types of Sanctions.* Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i) —(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

(e) FAILURE TO PRESERVE ELECTRONICALLY STORED INFORMATION. If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:

(1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or

(2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:

(A) presume that the lost information was unfavorable to the party;

**(B) instruct the jury that it may or must presume the information was unfavorable to the party; or**

**(C) dismiss the action or enter a default judgment.**

**(f) FAILURE TO PARTICIPATE IN FRAMING A DISCOVERY PLAN. If a party or its attorney fails to participate in good faith in developing and submitting a proposed discovery plan as required by Rule 26(f) , the court may, after giving an opportunity to be heard, require that party or attorney to pay to any other party the reasonable expenses, including attorney's fees, caused by the failure.**

Paul deffenbaugh conspired with mary ann zanghi to suspend michael cockerham's license fraudulently causing another fictitious charge occurring from illegal stop December 26th 2023. Paul deffenbaugh CONTACTED PAROLE to have michael cockerham INCARCERATED DECEMBER 27th 2023. This incarceration lasted sixteen days where mary ann zanghi trifled with michael cockerham bail amount. Priscilla Miller posting the three thousand although bail only "$300.00". Mary ann zanghi took one week to return the "incorrect amount" then have Priscilla Miller (michael cockerham's aunt) resend the thee hundred dollars "for bail". Michael Cockerham DID NOT flee and elude anyone. Michael COckerham HAD NO IDEA his license was suspended because while the "magistrate" mary ann zanghi would NEITHER ACCEPT EVIDENCE/EXHIBIT from micahel cockerham which would exhonerate him NOR have a facsimile of ANY evidence against him. This travesty occurred October 25th 2023 in district court 47-3-01 in mineral point. Michael Cockerham DID in fact travel to mineral

point to make sure the magistrate HAD IT PRIOR TO THE "hearing" which took place on date noted above. (10.25.2023).

Michael Cockerham contacted Pennsylvania Department of Transportation as well as Attorney General Michelle Henry, Governor Josh Shapiro, District Attorney Gregory Neubauger, Detective Lia demarco, Pennsylvania state police, F.B.I, made civil rights complaints wth Washington D.C., and let his neighbors know of the situation taking place.

December 11th 2024 Paul deffenbaugh illegally and unlawfully extracted micahel cockerham from his chevrolet s-10 which THE ONLY INFRACTION IS INSPECTION which MIchael Cockehram has ATTEMPTED TO THE BEST OF HIS ABILITY taking truck to mechanics and having work done. Unfortunately the truck is/was SABOTAGED and now micahel cockerham benign DISABLED since 2018 has no ability to pick up groceries or food for pets. Michael Cockerham's automobile insurance DOUBLED due to license supension. A SUSPENSION WHICH IS NOW OVER ONE YEAR LATER ERASED FROM DRIVING RECORD, this BEING AFTER INJURY TO MICHAEL COCKERHAM. Michael's license suspended EIGHT months, restoration fees, and undue threats AND HARASSMENT FROM AND BY PAUL DEFFENBAUGH.

Paul deffenbaugh THREW MICHAEL COCKERHAM INTO POLICE PATROL CAR FOUR TIMES, THIS IS IN FRONT OF EAST CONEMAUGH POLICE CHIEF AND AFTER PASSING PAUL DEFFENBAUGH'S FRIVOLOUS FIELD SOBRIETY TESTS.

Exhibit: Michael COckerham complaint where NUMBER ONE(after citation #12 HIPAA) states HIPAA is private Michael Cockerham contends paul deffenbaugh attorney bruce Rende shared complaint and this is/was paul deffenbaugh AND BRUCE RENDE PLAN. Michael COckerham posted video on youtube as PROOF there is/was NO MARIJUANA SMOKED the day of december 11th 2024. BOTH JARS SEALED AND RECEIPT SHOWN. To follow someone from a dispensary is the equivalent of following an individual from bar with no warrant OR PROBABLE CAUSE. EXHIBIT: Michael Cockerham expected this retaliation from paul deffenbaugh as he and his attorney showed their TRUE COLORS NOVEMBER FIRST 2024. Judge FORDHAM CAMBRIA COUNTY COURTHOUSE PAUL DEFFENBAUGH ADMITTED "NO" "neither 911 NOR any entity was contacted to TRULY SEE IF MICHAEL COCKERHAM HAD/HAS INSURANCE. Paul deffenbaugh on 8.12.2023 EDITED body camera

because MICHAEL COCKERHAM SWEAR TO THE FACT PAUL DEFFENBAUGH SAYS "FUCK THE RULES, FUCK THE LAW, LET ZANGHI FIGURE IT OUT".

Michael Cockerham contends PAUL DEFFENBAUGH INTIMIDATED, THREATENED AND ATTEMPTED TO COERCE MICHAEL COCKERHAM TO NOT FILE LAWSUIT AGAINST HIM IN FEDERAL COURT. Michael Cockerham is scared, fearful, and under threats from "CHIEF OF POLICE PAUL DEFFENBAUGH" BEGS THIS COURT ENTER A PROTECTION FRoM ABUSE. THE SLAMMING OF MICHAEL COCKERHAM INTO CRUISER CAN BE TAKEN AS SEXUAL ADVANCE OR SEXUAL ASSAULT WHICH MEETS REQUIREMENT IN BOLD ABOVE.

NOVEMBER 1 2024 HONORABLE JUDGE FORDHAM'S COURTROOM PAUL DEFFENBAUGH ADMITTED HE DID NOT CALL 911. Bruce Rende said he would "GET THE TRANSCRIPT"

MICHAEL COCKERHAM WAS FOUND INNOCENT ON TWO OF THREE CHARGES/CITATIONS. STILL NOT RECEIVED BACK MONIES; ONLY $276 "GIVEN FROM MARY ANN ZANGHI" THE LACK OF INSURANCE WAS $670. NEVER RETURNED, SWEPT UNDER THE RUG UNLESS YOUR HONOR FINDS THE FACTS.

RULE 36 Requested Respectfully,

RULE 44 Requested Respectfully

 MICHAEL A. COCKERHAM 07/28/2025


PRO SE Litigant

CERTIFICATE OF COMPLIANCE

I, Michael Cockerham certify this document complies with the Public Access Policy
of the Unified Judicial System.

X _____          7/27/2025

(X)

MICHAEL ALLAN COCKERHAM

    Date 07/25.2025

    210 Hazel Street Parkhill, Pa. 15945

    (814)- 418-9030

    mikeceeee19355@gmail.com

7/29/2025

MICHAEL A. COCKERHAM 07/25/2025

PRO SE Litigant

Parkhill, Pa. 15945

## VERIFICATION

MICHAEL ALLAN COCKERHAM, verifies that the statements made in this MOTION are true and correct to the best of his/her knowledge, information, and belief, and understands that the false statement herein are made subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.

7/29/2025

MICHAEL A. COCKERHAM 07/28/2025



PRO SE Litigant

## CERTIFICATE OF COMPLIANCE

I, Michael Cockerham certify this document complies with the Public Access
Policy of the Unified Judicial System.

X_____    7/29/2025

## **Proof of Service**

HONORABLE CARBONARO Hand Delivered 07/28/2025

District Attorney da@co.cambria.pa.us emailed 07/28/2025