IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL COCKERHAM, : | |
| Plaintiff : | |
| v. : | Case No. 3:23-cv-219-KRG-KAP |
| PAUL DEFFENBAUGH, RICKEY : | |
| PRICE, : | |
| Defendants : | |

<u>Memorandum Order</u>

    Plaintiff Michael Cockerham filed a *pro se* complaint almost exactly two years ago alleging that his civil rights were violated by traffic stops without probable cause by defendant Paul Deffenbaugh, a police officer for East Taylor Township that took place on four dates: August 3 and 12, 2023, and September 14 and 15, 2023. Once served Deffenbaugh filed an answer. Plaintiff's complaint named a second defendant, East Taylor Township Supervisor Rickey Price. Once served, Price filed a motion to dismiss. The complaint was hardly a short clear statement of facts as required by Fed.R.Civ.P. 8, but I discerned that it alleged that Price, trespassed on Cockerham's property under color of law and caused damage to his property on a date in August 2023. I accordingly recommended that the motion to dismiss be denied. My recommendation, pending since May 2024, has neither been adopted nor rejected, but Price filed an answer as if it were adopted. The matter has since been transferred to a new judge, *see* ECF no. 58.

    I ordered a discovery schedule under Fed.R.Civ.P. 16 as though my recommendation had been adopted. The pretrial period has been punctuated by plaintiff's irregular attempts to amend the complaint or to submit evidence to bring before the court what he considers to be new claims arising out of subsequent encounters with Deffenbaugh (plaintiff lives in Parkhill and therefore would encounter defendant Deffenbaugh, the chief of the township's small police force, in the ordinary course of events), and by discovery motions. The discovery motions can be summarized as those by defendants alleging that plaintiff is not cooperating in discovery, and those by plaintiff seeking relief that is either inappropriate or not permitted by the discovery rules.

    Pending are three motions. Plaintiff's motion to amend the complaint, ECF no. 54, is denied, with one exception explained below, for two independently sufficient reasons. The first is the failure to comply with Rule 8(a)'s requirement of "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(1), (2), and the requirement that each averment be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A statement must be plain enough "to give the adverse party fair notice of the claim

1

asserted so as to enable him to answer and prepare for trial," and must be short to avoid placing "an unjustified burden on the court and the part[ies] who must respond to it because they are forced to select the relevant material from a mass of verbiage." Folk v. Bureau of Prisons, 2021 WL 3521143 at *3 (3d Cir. Aug. 11, 2021), *cert. denied*, 143 S. Ct. 133, 214 L. Ed. 2d 39 (2022)(citation omitted). The proposed amended complaint and its exhibits do not come close to giving fair notice to anyone of any claims.

Second, implicit in Fed.R.Civ.P. 42(b)'s direction that for economy's sake a court can divide litigation up into manageable portions is the common sense understanding that a complaint is a snapshot of events in time, not an invitation to have one litigant's evolving relationships with the world occupy the entire attention of the court to the exclusion of all other business. Because I understand that not every person is a fluent writer and that *pro se* litigants should be afforded a certain leeway when their pleadings are not technically flawless, I have on separate occasions spent approximately two hours of in-court time trying (by hearing plaintiff's oral presentation) to make sense of plaintiff's motions. Plaintiff is no better at giving a coherent explanation live than he is on paper, so the problems presented by the proposed amended complaint cannot be worked around by having plaintiff explain in some other fashion what he means. No court can function if it devotes all of its time to one litigant's case, and plaintiff's 260-page attempt to expand his disputes with a member of his local law enforcement agency to include claims arising from what apparently are subsequent (and perhaps one prior) traffic citations issued by Deffenbaugh that were either heard before a local magisterial district judge (proposed defendant Zanghi, non-defendant Beyer) or in the summary appeals session in the Court of Common Pleas (Fordham, J.) raises five-fold the difficulty presented by the relatively simple original complaint. Denying the motion does not put plaintiff out of court, it simply requires him to do additional work by submitting a new complaint that, one hopes, complies with Rule 8.

Third, the proposed amended complaint names as a proposed defendant a judge (Zanghi) who is absolutely immune for any acts that I can perceive plaintiff to allege.

The proposed amended complaint does, if one devotes the time to separating the understandable parts from the rest, two other things. First, it names an alleged code enforcement officer named Church as another defendant because he allegedly participated in the alleged trespass by Price in August 2023. In the original complaint plaintiff identified a John Doe as Price's "accomplice" and now plaintiff identifies Church is the one who committed the property damage to plaintiff's door. There is no procedural problem in allowing an amended complaint that identifies a John Doe defendant.

Second, plaintiff proposes to add Eastmont Auto Repair & Towing as a defendant for its role in the towing and impounding of his vehicle when it was allegedly seized by defendant Deffenbaugh when he issued traffic citations to plaintiff in August and

September 2023. Whether this is proper depends on the existence of a federal claim against that defendant, which in turn depends on whether that defendant acted under color of state law. The law is not plentiful, but the dividing line is clear: a private towing service does not act under color of law by towing or holding a vehicle at the request of a private person but does when it acts at the direction of a law enforcement officer. See Madero v. Luffey, No. 22-1705, 2024 WL 3066038, at *2 (3d Cir. June 20, 2024), amended, No. 22-1705, 2024 WL 4563257 (3d Cir. Oct. 24, 2024), *approving* Smith v. Insley's Inc., 499 F.3d 875, 880 (8th Cir. 2007)(towing service was a state actor when it towed and impounded a vehicle at the behest of the sheriff's office in the course of a criminal investigation). *Compare* Beyer v. Vill. of Ashwaubenon, 444 Fed.Appx. 99, 101 (7th Cir. 2011)(Even though it was necessary for the governmental body to ticket the car before a private towing service could lawfully tow it, the request to tow came from a private landowner, and the action by the landowner and the towing service were not under color of state law.) So Eastmont Auto Repair & Towing could properly be a defendant in this matter for its part in the claims properly in this matter, that is for any towing and impounding of plaintiff's vehicle after traffic stops by Deffenbaugh in August and September 2023.

However, that Eastmont Auto Repair & Towing is properly subject to the court's jurisdiction does not mean that plaintiff actually states a claim against it. It should be obvious that a police officer who arrives as backup does not have to develop a complete understanding of events at the peril of liability for a civil rights violation, but can presume that the officers on scene are acting lawfully. Duran v. Sirgedas, 240 Fed.Appx. 104, 116 (7th Cir. 2007). Similarly, for plaintiff to state a claim against Eastmont Auto Repair & Towing there must be more that an allegation that they arrived and acted at Deffenbaugh's direction. Since there is no factual allegation sufficient to allow the inference that this defendant knew that Deffenbaugh was allegedly acting without probable cause (and it is not the business of a towing service to undertake such investigation before towing), plaintiff states no claim against it. Amendment of the complaint in this respect is denied as futile.

The other motions are mostly rendered moot by the ruling on the motion to amend. In ECF no. 57, defendant Deffenbaugh moves for monetary sanctions (which due to plaintiff's *ifp* status effectively would result in the dismissal of the complaint) and preclusion of evidence (which would amount to the dismissal of the complaint) as a sanction under Fed.R.Civ.P. 37(b)(2) for plaintiff's failure to sit for a deposition. In ECF no. 59, plaintiff seeks judgment for what he alleges are discovery violations that as far as I can understand them relate to claims raised in the proposed amended complaint but not in the original complaint.

Plaintiff's motion is denied completely. As for defendant's motion, it is granted

only in minor part. The analysis of Rule 37 sanctions is similar to the analysis of sanctions for failure to prosecute. <u>Hickox v. Pennsylvania Dep't of Corr.</u>, No. 3:14-CV-55-KRG-KAP, 2019 WL 13272496 at *2 (W.D. Pa. May 7, 2019)(Gibson, J.) The longstanding tradition in this circuit is to favor reaching decisions on the merits whenever possible even in cases where dilatory conduct has delayed a case. <u>Hildebrand v. Allegheny County</u>, 923 F.3d 128, 136 (3d Cir. 2019). Plaintiff's inability to present a coherent account and his unrealistic view of the law make him a difficult litigant but I cannot say he has acted in bad faith. An appropriate order accordingly is that plaintiff is ordered to sit for a deposition on or before October 31, 2025, under the same conditions previously explained in ECF no. 53. Failure to do so without good cause shown will result in a recommendation that this matter be dismissed.

    As a result of this order it should be clear that plaintiff is permitted to serve the original complaint on defendant Church. A copy of this order will be served with the complaint so that the defendant might have a better understanding of why he is being served. When plaintiff provides the necessary service paperwork to the Clerk the Clerk will forward it to the Marshal for service, costs to be advanced by the United States. It is likely that Church will be represented by the same counsel already representing the other defendants, so counsel may even waive service.

    I anticipate that the new defendant, once served, may wish to conduct discovery, but at this time discovery is not reopened generally. That is because it is likely that Church will be represented by the same counsel already representing the other defendants, and Church's addition to the case really adds nothing that affects pretrial preparation. Until and unless changed by further order of court, the parties shall file any motions for summary judgment on or before November 30, 2025. Motions shall be responded to by the opposing party within thirty days. The dates for filing of pretrial statements and trial shall be scheduled after any dispositive motions have been decided. If no summary judgment motions are filed, plaintiff's pretrial statement shall be filed on or before December 31, 2025, and defendants' pretrial statement shall be filed on or before January 31, 2026.

DATE: September 4, 2025

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel and by U.S. Mail to:

Michael Cockerham
210 Hazel Street
Parkhill, PA 15945