**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL COCKERHAM, <br><br> Plaintiff, <br><br> v. <br><br> PAUL DEFFENBAUGH *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> )    Civil Action No. 23-219-J <br> ) <br> ) <br> ) <br> ) |

## <u>MEMORANDUM ORDER</u>

This matter comes before the Court after Plaintiff Michael Cockerham ("Plaintiff") declined to file objections to the Report and Recommendation (Docket No. 66) ("R&R") entered by Magistrate Judge Keith A. Pesto on January 29, 2026.  The R&R recommends that the Motion for Sanctions (Docket No. 63) filed by Defendant Paul Deffenbaugh[1] be granted, that this case be dismissed, and that no attorney fees or costs be imposed on Plaintiff. (Docket No. 66 at 1, 3). Service of the R&R was made on the parties through CM/ECF and/or U.S. mail, and the parties were informed that any objections to same were due by February 12, 2026, while objections to same for Unregistered CM/ECF Users were due by February 17, 2026.  (*Id.* at 4 and Docket text entry).  Thereafter, no objections to the R&R were filed.[2]

The Federal Rules of Civil Procedure provide that a party may file specific written objections to the proposed findings and recommendations of a magistrate judge, and a district judge must conduct a *de novo* review of any part of the R&R that has been properly objected to.

---

[1]    Defendant Deffenbaugh and Defendant Price, the two named Defendants (other than John Does 1-3) are represented by the same counsel in this case, although the Motion for Sanctions was filed on behalf of Defendant Deffenbaugh only.

[2]    The referral of this case was reassigned to Magistrate Judge Peter E. Ormsby on April 3, 2026.

*See* Fed. R. Civ. P. 72(b)(2), (3); 28 U.S.C. § 636(b)(1).  Here, however, because Plaintiff did not file objections to the R&R – which explicitly stated, "In the absence of timely and specific objections, any appeal would be severely hampered or entirely defaulted" – we review the magistrate judge's decision for plain error.  (Docket No. 66 at 4).  *EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017); *see Brightwell v. Lehman*, 637 F.3d 187, 193 (3d Cir. 2011) (citing *Nara v. Frank,* 488 F.3d 187, 194 (3d Cir. 2007)); *see also* Fed. R. Civ. P. 72(b) Advisory Committee's Note to 1983 Addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citing *Campbell v. U.S. Dist. Ct. for N.D. Cal.*, 501 F.2d 196, 206 (9th Cir.), *cert. denied*, 419 U.S. 879 (1974))).

In this case, upon careful review of the R&R and the entire record, the Court, finding no plain error on the face of the record, will accept Judge Pesto's recommendation, as modified herein. As such, the Court will adopt the R&R, as modified, as the Opinion of the Court, grant the Motion for Sanctions, and dismiss Plaintiff's case.  In so ruling, the Court agrees with Judge Pesto that, due to Plaintiff's refusal to participate in his deposition except under conditions satisfactory to him (including walking out of the deposition after eight minutes, following his failure to attend his repeatedly rescheduled deposition in 2024) – particularly after earlier discovery issues arose in this case and the Court previously ruled that he must sit for a deposition as set forth by the Court and that failure to do so without good cause would result in a recommendation that this matter be dismissed – Plaintiff is now subject to being sanctioned under Federal Rule of Civil Procedure 37(b)(2)(A), as well as under Rule 41(b) as set forth in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868-70 (3d Cir. 1984).  (Docket No. 66 at 1-2).  The Court also agrees with Judge Pesto that, upon consideration of the *Poulis* factors, because Plaintiff's unilateral termination of his

2

deposition and his response to the Motion for Sanctions make it clear that there is no feasible way to bring this case to decision on the merits, this matter should be dismissed on such basis. (*Id.* at 3). Nevertheless, the Court also agrees with Judge Pesto that attorney fees and/or costs should not be imposed on Plaintiff. (*Id.*).

Additionally, the Court further agrees with Judge Pesto that, as partway into this litigation Plaintiff identified a "John Doe" Defendant as an individual named "Church" and Judge Pesto permitted amendment of the Complaint in September 2025, and as Judge Pesto instructed Plaintiff regarding service on Church at that time and reminded him a few weeks later, yet Plaintiff has taken no steps to serve his Complaint on Church or ask for more time in which to effect service upon him, at this point – to the extent the Complaint alleges claims against Church – those claims should be dismissed as well. The Court will dismiss the claims alleged against Church, without prejudice, for failure to serve under Rule 4(m) of the Federal Rules of Civil Procedure.[3]

Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). In *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298 (3d Cir. 1995), the Court of Appeals for the Third Circuit held that a district court should utilize a two-part process in its analysis under Rule 4(m):

> First, the district court should determine whether good cause exists for an extension of time. If good cause is present, the district court must extend time for service and the inquiry is ended. If, however, good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service.

---

[3]   Under the circumstances presented here, the Court will dismiss the claims against Church without prejudice pursuant to Rule 4(m) for failure to serve, rather than dismissing such claims with prejudice pursuant to Rule 41(b) for failure to prosecute. *See, e.g., Constantine v. Saeed*, Civ. Action No. 23-21535, 2025 WL 3228238, at *2 (D.N.J. Nov. 19, 2025) (discussing dismissal for failure to serve under Rule 4(m) and dismissal for failure to prosecute under Rule 41(b)).

*Id.* at 1305.

In considering whether good cause exists, district courts typically evaluate: (1) the reasonableness of the plaintiff's efforts to serve; (2) whether the defendants are prejudiced by the lack of timely service; and (3) whether the plaintiff moved for an extension of time in which to serve. *See Vucish v. Phillips*, No. 2:23-CV-00786, 2024 WL 3721034, at *3 (W.D. Pa. June 4, 2024) (internal citation omitted); *Pierre v. Carter*, Civ. No. 18-5288, 2019 WL 13249013, at *2 (E.D. Pa. Sept. 5, 2019) (citing *Steele v. HCI Direct*, No. Civ.A. 02-4347, 2004 WL 1699611, at *1 (E.D. Pa. July 29, 2004), and *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995)). If good cause is not shown, a district court, in the sound exercise of its discretion, may still grant an extension of time in which to serve, upon consideration of factors such as: (1) actual notice of the case; (2) whether the defendants are prejudiced; (3) the expiration of the statute of limitations; (4) the defendants' conduct; and (5) whether the plaintiff is represented by counsel. *Id.* at *4, 6 (citing *Chiang v. U.S. Small Business Admin.*, 331 F. App'x 113, 116 (3d Cir. 2009) (additional internal citations omitted)).

Here, as Judge Pesto noted in the R&R, Plaintiff was permitted to amend his Complaint to name Church as a defendant in September 2025, but despite the instructions to serve Church at that time and again a few weeks later, Plaintiff took no steps to effect service nor did he request an extension of time in which to do so. (Docket No. 66 at 1). Additionally, Judge Pesto ordered Plaintiff to report whether he returned service paperwork for Church as he had been previously directed to do, and Plaintiff failed to respond to such Order. (Docket No. 64). Thus, Plaintiff has failed to show good cause under Rule 4(m) for his failure to serve Church in this matter. Additionally, by failing to respond to Judge Pesto's Order, Plaintiff has also failed to advance any other reasons which might warrant an extension of time to serve here. It is unknown whether

Church has notice of this case, but needlessly dragging out an action of which a defendant is unaware certainly may prejudice him. It is also not known whether the statute of limitations is at issue here. Furthermore, there is no indication that Church's conduct has contributed to Plaintiff's failure to effect service. Finally, Plaintiff is not represented by counsel here, so he is not responsible for effectuating service personally, but he still must provide the Court with a motion and proper service materials if he wishes to seek service by the United States Marshals Service pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure. Notably, in granting Plaintiff's Motion to Proceed in forma pauperis and in permitting amendment of the Complaint to name Church, Judge Pesto instructed Plaintiff regarding the availability of Marshals service (Docket Nos. 6, 61) and mailed Plaintiff blank service paperwork and instructions for completing same, but Plaintiff has taken none of the steps outlined with regard to Church.

Accordingly, the Court finds that Plaintiff has not shown good cause for his failure to serve Church in this case. Additionally, upon review of the above factors that courts typically consider in deciding whether to permit a discretionary extension of time for service, the Court will decline to exercise its discretion to excuse Plaintiff's failure to serve here. Instead, the Court will dismiss Plaintiff's claims in this matter against Church, without prejudice, under Rule 4(m) for failure to serve.

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 17th day of June, 2026,

IT IS HEREBY ORDERED that the Report and Recommendation (Docket No. 66) is ADOPTED as modified herein as the Opinion of the Court, and the Motion for Sanctions (Docket No. 63) filed by Defendant Deffenbaugh is GRANTED.

5

IT IS FURTHER ORDERED as follows:  the claims against Defendants Deffenbaugh and Price are DISMISSED WITH PREJUDICE pursuant to Rule 41(b) for failure to prosecute; the claims against the "John Doe" Defendant that Plaintiff has identified as "Church," as well as the claims against the other "John Doe" Defendants, are DISMISSED WITHOUT PREJUDICE pursuant to Rule 4(m) for failure to serve; and the Court declines to impose attorney fees or costs on Plaintiff.

The Clerk of Court shall mark this case closed.

*/s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  The Honorable Peter E. Ormsby
Michael Cockerham (via U.S. Mail)
All counsel of record